14458

LYERLY *ET AL.* v. YEADON *ET AL.*
CALCUTT *ET AL.* v. LYERLY *ET AL.*

(190 S. E., 737)

August, 1936.

*Messrs. Grimsley & Nesmith,* for appellants,

*Messrs. Willcox, Hardee & Wallace,* for respondent,

*Messrs. Royall & Wright,* for respondent, ▮▮▮▮▮

March 29, 1937.

*Per curiam.*

On July 28, 1918, one J. Q. Lyerly died intestate, seized of real estate in Florence County.

On October 18, 1919, a suit for the partition and division of the lands of J. Q. Lyerly, among his heirs at law, was brought in the Court of Common Pleas for Florence County. The infant defendants were properly before the Court and properly represented by guardian *ad litem.* On December 10, 1919, in that suit, a final decree was made by his Honor, Judge S. W. G. Shipp, from which decree no appeal was ever taken. This decree provided for the sale of the property involved in this appeal and for the distribution among the heirs at law of J. Q. Lyerly, the petitioners in the proceeding now under consideration being among that number in exact accordance with their legal rights. There is no attack made upon the decree just referred to, since it was valid then and is valid now.

Pursuant to that decree, the lands now in question were offered for sale, and one Steadman Yeadon became the purchaser. Before he had complied with his bid, the widow, who was the second wife of J. Q. Lyerly, in her own behalf and in behalf of their three infant children, instituted proceedings for obtaining a resale of the property upon the charge that the bidding at the sale had been chilled to the injury of herself and her children. Following the commencement of these proceedings Yeadon made a satisfactory settle-

ment with Mrs. Lyerly and her children and the proceeding for resale was abandoned.

The master executed and delivered to Yeadon on March 29, 1920, a deed of conveyance of the premises entirely regular in form, reciting the payment of the amount of the bid. Thereupon Yeadon, his wife, who was a sister of petitioners, and her brothers, among whom were the petitioners, went into possession of the premises described in the deed. Yeadon executed a mortgage of the property purchased by him to a bank in Lake City, S. C., which mortgage was thereafter, during the year 1925, foreclosed, and at the sale was bought by the mortgagee bank. On October 13, 1925, A. U. Lyerly, a respondent herein, purchased the property from this bank, went into possession of the premises, and has remained there to the present time.

On October 31, 1925, Federal Land Bank of Columbia, S. C., the corespondent of A. U. Lyerly, loaned to A. U. Lyerly the sum of $3,700.00, taking as security therefor a mortgage of 139 1/2 acres of land situate in Florence County, S. C., being practically the entire acreage of the lands involved in this action. This mortgage was duly recorded in the office of the Clerk of Court for Florence County on November 4, 1925.

On July 18, 1934, the appellants-petitioners filed the petition pursuant to which this matter comes before this Court. Neither A. U. Lyerly nor the Federal Land Bank of Columbia, S. C., respondents herein, were at any time in any sense parties to the partition proceeding.

The relief demanded in the petition is for an order vacating the decree, vacating the sale, vacating the order approving the settlement with the widow and children of J. Q. Lyerly, and such other orders as might be requisite to enable petitioners to assert their rights. However, the record shows that the entire proceeding is directed against alleged fraud at the time of the sale of the property at which Steadman Yeadon became the purchaser, and no question is made as to the validity of the judgment—the

decree ordering the sale of the premises and the adjudication of the interest of the various parties in and to the proceeds of the sale.

The respondents herein, A. U. Lyerly and Federal Land Bank of Columbia, S. C., served upon the attorneys for petitioners their returns, thereby submitting themselves to the jurisdiction of the Court.

The petitioners-appellants herein are the children of John Q. Lyerly by his first wife, and were infants under the age of 21 years at the time of the sale. Steadman Yeadon was their general guardian and guardian *ad litem*. The appellants by name are Kirtain Lyerly, Leverne Lyerly, Charlie Lyerly, and Courtney Lyerly.

At the time of the sale of the property to Yeadon in January, 1920, the youngest of the petitioners was 11 years of age, the record showing that he was born September 8, 1908. This infant (Courtney Lyerly) reached 21 years on September 8, 1929.

The petition of appellants alleged fraud on the part of Steadman Yeadon in the purchase of this property for very much less than its real value at the time of the sale of the property in 1920 in the partition suit. The respondent, A. U. Lyerly, pleads affirmatively that he was informed and believes that he was acquiring good title to the lands in question, had no notice of any defect therein, or that petitioners had or claimed any interest therein, and that he purchased and paid for the land so acquired by him for full value, and that such purchase for full value without notice of defect is a bar to this proceeding. He further pleaded that this proceeding is not a proceeding for the recovery of real estate, and that if petitioners are entitled to any redress whatever it is under the provisions of Chapter 13 of the Code of Laws of South Carolina, 1932, and that under the provisions of Section 359 of that Code, the limitation of that section of the Code is a bar to this proceeding.

Issue being joined, the case was referred to Honorable Philip C. Stoll as Special Referee, who held that petitioners-

appellants were barred by limitation contained in Section 359, Code of Laws of 1932.

On appeal to the Circuit Court, Honorable S. W. G. Shipp, Judge of the twelfth judicial circuit, ordered, adjudged, and decreed that the report of the Special Referee be confirmed in so far as it holds that the petitioners are barred by the statute of limitations from relief sought in their petition, and further ordered, adjudged, and decreed that the sale of the premises in question, at which Steadman Yeadon became the purchaser, be confirmed.

It will be noted that we have set forth only the return of the respondent, A. U. Lyerly, since if petitioners are barred by the statute of limitations as to him, of course his corespondent, Federal Land Bank of Columbia, cannot be affected.

It is from the order of Judge Shipp, confirming the report of the Special Referee, that this appeal is taken, the exceptions of appellants being as follows:

"1. We respectfully submit that his Honor, Judge S. W. G. Shipp, erred in holding that the statute of limitations is a complete bar to the relief sought by the petitioners in this cause.

"II. We respectfully submit that the petitioners tolled any statute of limitations that might have started running against them by bringing their petition immediately upon the discovery of the fraud that had been perpetrated upon them by their general guardian and guardian *ad litem.*"

We will consider these exceptions in inverse order. It may be that the Court would be justified in not considering Exception 2 for the reason that this exception is not argued in printed brief of appellants nor was it argued orally, and can therefore well be said to be presumed to have been abandoned.

Petitioners-appellants claim that they discovered in 1934 the fraud perpetrated on them, and that they have tolled the statute by bringing their action within one year after

the discovery of the fraud. The Special Referee, with reference to this claim, has so clearly and succinctly covered this phase of the case that we adopt his language in reference to said claim on the part of appellants, and is as follows: "* * * Such may have been the case had not petitioners so zealously contended that A. U. Lyerly was not a purchaser without notice and that the record in the matter would show to anyone that fraud had been worked against them. What would constitute notice to A. U. Lyerly would also be notice to petitioners. The notice, as contended by the petitioners, was a public notice, being the records of the case in the clerk's office, if it showed that a fraud had been practiced on petitioners would be as much notice to the petitioners as to the respondent, A. U. Lyerly. If the records were not notice to A. U. Lyerly, then he is a purchaser for value without notice and the action should be dismissed. If the records were notice to him, they were notice to the petitioners in the same degree after they reached twenty-one years of age. Equity aids the vigilant, not the indolent. The petitioners, each of them, knew of their father's estate and each knew that they had received no benefit from it, therefore, it was their duty and their responsibility to inquire into the matter of their father's estate upon reaching twenty-one years. * * *"

This exception is overruled.

As hereinbefore stated, this proceeding is directed to fraud alleged to have taken place at the time of the sale of the property, and in nowise is the decree of the Court directing a sale and declaring the interest of the various parties to the suit in and to the proceeds of the sale of the land attacked. Therefore, if it should be held that the sale of the land to Yeadon should be set aside by reason of fraud, the judgment and decree ordering the sale of the land would still stand intact. We mention this to show that this can in nowise be considered an action for the recovery of land and that the provisions of Section 384 of the Code of 1932 do not apply.

Appellants take the position that Section 359 of the Code of 1932 cannot apply for the reason that the proceeding brought by them is not "an action" mentioned in Chapter 13 of the Code of 1932, because "an action" can be commenced only by the service of a summons. Generally speaking, this is true, but the respondents herein voluntarily appeared and submitted to the jurisdiction of the Court and the entire proceeding was handled on the basis that respondents would be bound by any judgment in this proceeding. The word "action" in the statute should not have such a narrow construction as to be held applicable only to a proceeding commenced by service of a summons. We have already shown that this was not a proceeding or action for the recovery of realty.

Section 359 of the Code of 1932 is as follows: *"Exemption as to Persons under Disability.*—If a person entitled to bring an action mentioned in Chapter 13 of this title, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, be, at the time the cause of action accrued, either: (1) Within the age of twenty-one years; or (2) insane; or (3) imprisoned on a criminal or civil charge, or in execution under the sentence of a criminal Court for a less term than his natural life—the time of such disability is not a part of the time limited for the commencement of the action; except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy; nor can it be so extended, in any case, longer than one year after the disability ceases: Provided, That the omission of the words, 'or insane,' herein since the adoption of the Code of Laws of South Carolina, 1912, shall not prejudice the interest of any insane person."

The case of *Fricks v. Lewis,* 26 S. C., 231, 1 S. E., 884, 889, construed Section 359, and seems to be conclusive of this appeal. In that case, after a full discussion of the statute under consideration, the Court stated: "* * * According to our view, all persons, whether laboring under

any disability or not, must be allowed the full period of six years from the accrual of the cause of action, but in the case of infants the time allowed may be extended over a much longer period, but such extension cannot be for a longer period than one year after his disability ceases. For instance, if a cause of action accrued to an infant when he was only a year old, he could bring his action at any time within 21 years. If it accrued when he was 15 years of age, then he might bring his action at any time within 7 years—giving him the full period of 6 years allowed to adults, and 1 year after he attained his majority in addition. But, if his cause of action accrued when he was 16 years of age, then he would be limited to the 6 years because the statute does not provide for any extension of the time allowed after the lapse of one year from the time his disability ceases."

The action in this case having been commenced neither within six years after accrual of the cause of action nor within one year after the disability of the youngest plaintiff was removed, the plea of the statute of limitations was properly sustained, and the exception thereto is overruled.

Judgment affirmed.