19448

Wannamaker M. MILLER, Respondent, v. E. J. DICKERT, M. D., and
V. W. Rinehart, M. D., Appellants

(190 S. E. (2d) 459)

*Messrs. Pope* and *Schumpert,* of Newberry, *for Appellants,*

*Messrs. Glenn, Porter & Sullivan,* and *Alexander M. Sanders, Jr.,* of Columbia, *for Respondent,*

*Messrs. Pope* and *Schumpert,* of Newberry, *for Appellants,*

July 5, 1972.

Moss, Chief Justice.

This appeal arises out of an action brought by Wanna-maker M. Miller, respondent, against E. J. Dickert and V. W. Rinehart, the appellants herein, for false imprisonment.

The respondent, in his complaint, alleges that the appellants are physicians engaged in the practice of medicine in Newberry County, and that on July 31, 1969, they signed a medical certificate that each of them had examined the respondent and found him to be incapable of caring for himself and posed a danger to himself and others. It is then alleged that the appellants signed the medical certificate for the purpose of having the respondent involuntarily committed to the South Carolina State Hospital for the mentally ill, by the Probate Judge of Newberry County; and that they had knowingly signed a false certificate without examining the respondent, as required by law. It is also alleged that the

signing of such certificate resulted in the arrest of the respondent on August 1, 1969, and his commitment to the State Hospital, where he was held for 28 days as a mental patient and until his discharge on August 28, 1969. The respondent prayed for actual and punitive damages for the alleged false imprisonment occasioned by the acts of the appellants.

The appellants, by answer, admitted the signing of the medical certificate on July 31, 1969, for the purpose of having the respondent involuntarily committed to the State Hospital, but denied the other allegations contained in the complaint. The appellants, for a further defense, alleged that the cause of action, being one for false imprisonment and accruing more than two years prior to the commencement of this action, was barred by the statute of limitations. Section 10-145, of the Code.

The appellants moved, pursuant to Circuit Court Rule 44, before the Honorable Francis B. Nicholson, Resident Judge, for summary judgment on the ground that the action was not commenced within two years as required by Section 10-145 of the Code, and hence was barred. The respondent commenced this action on August 27, 1971, and concedes that it is one for false imprisonment and as such would be barred by Section 10-145 of the Code, unless Section 10-104 applies and tolls the running of the statute of limitations during the time that the respondent was in the State Hospital. Both parties concede that the respondent's alleged cause of action accrued on August 1, 1969, this being the time of his arrest.

The motion of the appellants came on to be heard on January 8, 1972, and on February 15, 1972, Judge Nicholson denied the motion for summary judgment holding that the respondent's disability ceased when he was discharged from the State Hospital on August 28, 1969, and that he timely brought this suit within two years from the cessation of his disability, under Section 10-104 of the Code. The appellants

allege that the trial judge was in error in so applying Section 10-104 of the Code.

Under Section 10-145 of the Code, actions for false imprisonment must be brought within two years from the accrual thereof.

It is provided in Section 10-104 of the Code, as follows:

"If a person entitled to bring an action mentioned in article 3 of this chapter, except for a penalty or forfeiture or against a sheriff or other officer for an escape, be at the time the cause of action accrued either:

(1) Within the age of twenty-one years;

(2) Insane; or

(3) Imprisoned on a criminal or civil charge or in execution under the sentence of a criminal court for a less term than his natural life;

The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:

(1) More than five years by any such disability, except infancy; nor

(2) In any case longer than one year after the disability ceases."

It is the contention of the appellants that under Section 10-104 of the Code, the time within which one can bring an action is only extended for one year after the disability has terminated.

The respondent contends that Section 10-104 of the Code tolls the running of Section 10-145 of the Code, and that the statute does not begin to run until the disability is terminated. This contention is based on the case of *Shubrick v. Adams,* 20 S. C. 49, where it is stated "that where a party is under a legal disability at the time his right of action accrues, the statute is not put in operation until the disability ceases".

Applying this rule here, as did the trial judge, the respondent could bring this action within two years from the date of his release from the State Hospital, which was August 28, 1969. If this construction is correct, respondent's action is timely brought.

The provisions of what is now Section 10-104 of the Code, has been before this Court in several cases. *Fricks v. Lewis,* 26 S. C. 237, 1 S. E. 884; *Glover v. Floyd,* 76 S. C. 292, 57 S. E. 25; *Calcutt v. Lyerly,* 183 S. C. 256, 190 S. E. 737 and *Monteith v. Harby,* 193 S. C. 349, 8 S. E. (2d) 629.

In the *Fricks* case the Court was construing Section 122 of the then Code and what is now Section 10-104 of the present Code and its application where infancy created the disability. The Court there stated that the object of the section of the Code was:

"* * * to limit the extension allowed in cases of disability arising from insanity or imprisonment to a period of five years, while in cases of disability arising from infancy the extension might be for a much longer period, but at the same time to declare that the time should not be extended, *in any case,* for a longer period than one year after the disability ceases."

It was also said in the *Fricks* case that:

"* * * According to our view, all persons, whether laboring under any disability or not, must be allowed the full period of six years from the accrual of the cause of action, but in the case of infants the time allowed may be extended over a much longer period, but such extension cannot be for a longer period than one year after his disability ceases. For instance, if a cause of action accrued to an infant when he was only a year old, he could bring his action at any time within 21 years. If it accrued when he was 15 years of age, then he might bring his action at any time within 7 years,— giving him the full period of 6 years allowed to adults, and 1 year after he attained his majority in addition. But, if his cause of action accrued when he was 16 years of age, then he

would be limited to the 6 years, because the statute does not provide for any extension of the time allowed after the lapse of one year from the time his disability ceases."

In the *Frick* case the Court concluded that:

"The action in this case having been commenced neither within six years after the accrual of the cause of action, nor within one year after the disabilities of the plaintiffs were removed, we are of opinion that the plea of the statute of limitations should have been sustained, and that the circuit judge erred in ruling otherwise."

The other cases cited confirm and follow the rule laid down in the *Fricks* case.

We think the rule announced in the *Fricks* case is dispositive of the issue here. The action in this case having been commenced neither within two years after the accrual of the cause of action, nor within one year after the disability of the respondent was removed, we are of the opinion that the plea of the statute of limitations should have been sustained and that the Circuit Court erred in ruling otherwise.

The exceptions of the appellants are sustained and the cause remanded to the lower court for disposition consistent with the view herein stated.

Reversed and Remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.