21451

Walter LaVerne SNELL, Appellant, v. COLUMBIA GUN EX-CHANGE, INC., Respondent.

(278 S. E. (2d) 333)

302

*J. Leeds Barroll, IV,* of *Rogers, Fullwood, Duncan & Barroll,* Lexington, *for appellant.*

*John Choate,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondent.*

May 13, 1981.

*Per Curiam:*

This is an appeal from summary judgment granted to respondent. We affirm.

Appellant brought action for personal injuries sustained on August 11, 1972, when a pistol which he had earlier purchased from the respondent accidentally discharged. The action was commenced by service of Summons and Complaint upon the respondent on December 20, 1978, six years and four months after the accidental shooting. Upon motion of the respondent, the court below granted summary judgment upon the ground that action was barred by Sections 15-3-530(5) and 15-3-535, Code of Laws of South Carolina, 1976. The former section establishes a six year limitation for actions arising from injury to the person and the latter section more specifically requires action to be commenced "within six years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."

Section 15-3-535 is of recent date and has not heretofore been construed by this Court. The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

We have no difficulty in applying the language of Section 15-3-535 to the facts of this case. Where as here a pistol accidentally and unexplainably discharges causing injury, the injured party or his representative is thereby placed on notice that a defect in the weapon is possible. From that point on, reasonable diligence is required to determine if a cause of action may exist. Six years is ample time to discover any such cause, and failure to do so within the statutory period bars recovery in the absence of other legally recognized disabilities.