23831

Addie J. MITCHELL, Appellant v. J. Edward HOLLER, and Holler, Dennis, Olive and Garner, A partnership, Respondents.

(429 S.E. (2d) 793)

Supreme Court

*Fleet Freeman,* of *Freeman and Freeman,* Mt. Pleasant, *for appellant.*

*James W. Alford* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork and Johnson,* Columbia, *for respondents.*

Heard October 27, 1992.

Decided April 5, 1993.

HARWELL, Chief Justice:

Addie Mitchell (Mitchell) appeals from an order dismissing her legal malpractice action as barred by the statute of limitations. We affirm.

## I. FACTS
Mitchell was indicted for murder, burglary, and assault and battery with intent to kill after she allegedly broke into a pri-

vate residence of August 9, 1981 and opened fire, killing her husband and wounding his paramour. In 1982, she retained J. Edward Holler (Holler) to represent her. Mitchell was incarcerated during her trial, which began on January 4, 1983. On January 10, 1983, a jury found Mitchell guilty of all charges and she was sentenced to two consecutive life terms plus twenty years. Her direct appeal to this Court was dismissed. *State v. Mitchell*, Op. No. 84-MO-204 (S.C. Sup. Ct. files October 9, 1984).

In 1986, Mitchell filed for postconviction relief (PCR), alleging that she had not received effective assistance of counsel. We reversed her conviction and remanded the case for a new trial. *Mitchell v. State*, 298 S.C. 186, 379 S.E. (2d) 123 (1989). On remand, Mitchell pleaded guilty to lesser offenses and was sentenced to time served. She was released from prison on May 4, 1989.[1]

On May 1, 1990, Mitchell filed a legal malpractice lawsuit against Holler. Holler was granted summary judgment on the ground that Mitchell's action was barred by the statute of limitations. The trial judge, pursuant to Mitchell's motion, amended his order to include rulings on Mitchell's pretrial motions. Mitchell then appealed.

## II. DISCUSSION

Mitchell conceded that the applicable statute of limitations is six years as prescribed by S.C. Code Ann. § 15-3-530 (1977 & Supp. 1992). She argues that the trial court erred because the limitations period applicable to her cause of action had not expired, or, alternatively, that the limitations period was tolled by S.C. Code Ann. § 15-3-40 (Supp. 1992). We find that the limitations period expired before Mitchell filed her first action.

S.C. Code Ann. § 15-3-535 (Supp. 1992) (for actions arising or accruing prior to April 5, 1988) provides that actions "initiated under Item 5 of section 15-3-530 as amended, shall be commenced within six years after the person knew or by the

---

[1] Mitchell's complaint alleges that she was confined until May 4, 1989, while her affidavit alleges that she was released from prison on May 3, 1989. We must view the evidence in the light most favorable to Mitchell as the nonmoving party and, therefore, use the later date. *Cafe Associates, Ltd. v. Gerngross*, 305 S.C. 6, 406 S.E. (2d) 162 (1991).

exercise of reasonable diligence should have known that he had a cause of action."[2] In *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981) we stated:

> The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a fullblown theory of recovery developed.

*Id.* at 303, 278 S.E. (2d) at 334.

■ Mitchell argues that she did not discover Holler's alleged malpractice until we reversed her conviction based on ineffective assistance of counsel. However, the record establishes that Mitchell contacted two attorneys in March 1983 complaining of Holler's conduct at trial. The affidavits of both attorneys indicate that Mitchell thought she had a claim against Holler based on his performance at her trial. We find that Mitchell knew or should have known that she might have a claim against Holler in March 1983. Under the discovery rule, her cause of action accrued and the statute of limitations began to run at that time. Therefore, unless tolled, section 15-3-530 would have precluded Mitchell from bringing this action subsequent to March, 1989 because more than six years would have passed since she discovered the possible existence of a cause of action against Holler. Accordingly, we turn to Mitchell's claim that the limitations period was tolled by section 15-3-40.

Section 15-3-40 provides:

> If a person entitled to bring an action . . . be at the time of the cause of action accrued [ ]:
>
> * * * * *
>
> (3) imprisoned on a criminal or civil charge or in execu-

---

[2] The discovery rule also applies to Mitchell's breach of contract claim. *See Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 384 S.E. (2d) 693 (1989) (applying discovery rule to breach of contract actions).

tion under the sentence of a criminal court for a less term than his natural life;

The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended:

(1) More than five years by any such disability, except infancy; nor

(2) In any case no longer than one year after the disability ceases. (Emphasis added.)

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Horn v. Davis Electrical Constructors, Inc.* — S.C. —, 416 S.E. (2d) 634 (1992). The words of a statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand a statute's operation. *First Baptist Church of Mauldin v. City of Mauldin,* — S.C. —, 417 S.E. (2d) 592 (1992). We discern that the legislature specifically intended to toll the statute of limitations for all prisoners except those serving life sentences. Mitchell cannot claim the benefit of section 15-3-40 because she was imprisoned on a life sentence when her cause of action accrued. Accordingly, the untolled statute of limitations on Mitchell's malpractice claim expired six years after her cause of action accrued, in March, 1989. *See Miller v. Dickert,* 259 S.C. 1, 190 S.E. (2d) 459 (1972); *Fricks v. Lewis,* 26 S.C. 237, 1 S.E. 884 (1886).

Mitchell claims that excluding prisoners serving life sentences from the tolling provisions of section 15-3-40 violates the Equal Protection clauses of the United States and South Carolina constitutions. We disagree.

Mitchell acknowledges that tolling the statute of limitations based on the disability of imprisonment is a legitimate governmental interest and that section 15-3-40 is related to that interest. *See Smith v. Smith,* 291 S.C. 420, 424, 354 S.E. (2d) 36, 39 (1987) (setting forth requirements of Equal Protection). However, Mitchell asserts that the legislature has no rational basis to preclude prisoners serving life sentences from invoking the benefits of section 15-3-40.

When reviewing a statute challenged on Equal Protection grounds, we give great deference to a legislatively created classification. The classification will be sustained if it is not plainly arbitrary and there is "any reasonable hypothesis" to support it. *Samson v. The Greenville Hospital System*, 295 S.C. 359, 368 S.E. (2d) 665 (1988). In our view, the legislature reasonably could have elected to create a class of prisoners which excludes prisoners serving life sentences based on its determination that persons convicted of the heinous crimes punishable by life imprisonment are undeserving of the benefits provided by section 15-3-40. *See, e.g.,* S.C. Code Ann. § 16-3-20(A) (Supp. 1992) (persons sentenced for murder cannot accumulate credits toward reduction of mandatory imprisonment). Finding that a reasonable hypothesis exists for the legislature's exclusion of life prisoners from section 15-3-40, we hold Mitchell's Equal Protection claim to be without merit.

Accordingly, the trial judge's order dismissing Mitchell's cause of action as barred by the statute of limitations is

Affirmed.

CHANDLER and MOORE, JJ., concur.

FINNEY, A.J., concurs in result only.

TOAL, A.J., concurs in result only in separate opinion.

TOAL, Associate Justice:

I concur in the result only. As evidenced in my dissent in *Merriman v. Minter*, 298 S.C. 110, 378 S.E. (2d) 441 (1989), I would find that the statute violated the Equal Protection Clause because it treats inmates in a disparate manner without a rational reason. The relevant classification for constitutional analysis should be "all prisoners," and it is violative of the Constitution to single out a portion of that group for different treatment without a reasonable basis. The majority in *Merriman* did not reach this issue; instead, they held that it was not properly before us. Here Mitchell has raised the issue and I would find the statute unconstitutional.

I agree with the majority that the statute of limitations has run its course; however, I would reach this result by declaring that the tolling statute is unconstitutional as it applies to suits

by prisoners. In the modern age, it is clear that prisoners sentenced for life, as well as prisoners sentenced to a term of years, have equal and unfettered access to the court system. For these reasons, I concur with the majority in result only.