515 S.E.2d 553

Kathleen PETERSON, Appellant,

v.

RICHLAND COUNTY, South Carolina and Barbara A. Scott, in her capacity as the Clerk of Court for Richland County, South Carolina, and Frank B. Register, Jr., Defendants,

of whom Frank B. Register, Jr., is Respondent.

No. 2966.

Court of Appeals of South Carolina.

Heard Feb. 10, 1999.

Decided March 22, 1999.

Walter H. Smith, of Columbia, for appellant.

James W. Alford and Curtis W. Dowling, both of Barnes, Alford, Stork & Johnson, of Columbia, for respondent.

HUFF, Judge:

Kathleen Peterson sued Richland County, Barbara A. Scott, in her capacity as the Clerk of Court for Richland County, and

Frank B. Register, Jr. to recover damages based on a confession of judgment which was not properly indexed. The trial court granted Register's motion for summary judgment based on the expiration of the statute of limitations. Peterson appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Peterson received a confession of judgment signed by David Scarscella in December 1988. When Register, Peterson's attorney, filed the summons and complaint on December 28, 1988, he attached the confession of judgment. For undetermined reasons, the judgment was not properly indexed, enabling Scarscella to sell his real property in 1990, without first paying the judgment. In February 1990, Peterson witnessed the signatures on a deed from Scarscella conveying this property.

Peterson changed attorneys in October 1993. She hired Harold Swafford to foreclose on the judgment. Swafford retained a title abstractor, Lisa Lackey, to examine the public records for a determination of what property Scarscella owned. Lackey learned that the judgment had been clocked in and placed in the clerk's file folder, but was not properly indexed in the abstracts of judgments. She further found that the original case against Scarscella had been dismissed in August 1989 pursuant to Rule 40(c)(3), SCRCP, after there was no response when the case was called for trial. The Rule 40(c)(3) document listed Register as Peterson's attorney. Lackey reported this information to Swafford. Swafford also learned Scarscella had conveyed his property to another in 1990.

In October or November 1993, Swafford informed Peterson that the confession of judgment had not been properly enrolled as a judgment at the courthouse. On November 4, 1993, within two or three weeks of the abstractor's report to him, Swafford filed a summons and complaint to foreclose on the property previously owned by Scarscella. That litigation was unsuccessful.

Approximately one year later, in October 1994, Peterson commenced this suit against Richland County and Ms. Scott. It was not until February 1997 that Peterson amended her

pleadings to add Register. In her amended complaint, Peterson alleged Register was negligent in failing to follow up on the case, once he received the August 17, 1989 Rule 40(c)(3) order. She asserted the order was notice that the earlier filed confession of judgment had not been properly indexed, and had he inquired into the issuance of the order, the improper indexing of the judgment would have been cured.

Register filed a motion for summary judgment alleging that the statute of limitations had run prior to service of the summons and complaint on him. Although she knew in the fall of 1993 that the judgment had not been properly enrolled, Peterson claimed she had no knowledge of a potential claim against Register until discovery commenced and the attorney for the clerk of court indicated Register might be liable. The trial court granted Register's motion finding Peterson "knew or should have known she had been 'injured' shortly after retaining Swafford to represent her ... in October 1993."

## LAW/ANALYSIS

■ Peterson first contends the injuries caused by Register are separate from those caused by the county and the clerk of court. She asserts that the first suspicion she had of any liability on the part of Register was "created" by the December 13, 1994 answer of the county and the clerk of court. She therefore asserts the statutory limitations period did not begin to run until December 13, 1994. We disagree.

■ South Carolina Code Ann. § 15-3-530 (Supp.1998) provides a three year statute of limitations for legal malpractice suits. Pursuant to S.C.Code Ann. § 15-3-535 (Supp.1998), all actions initiated under § 15-3-530(5) must be commenced within three years after the person knew, or by the exercise of reasonable diligence should have known, that he had a cause of action. *Berry v. McLeod,* 328 S.C. 435, 492 S.E.2d 794 (Ct.App.1997).

The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins

to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

*Mitchell v. Holler*, 311 S.C. 406, 409, 429 S.E.2d 793, 795 (1993) (quoting *Snell v. Columbia Gun Exchange, Inc.*, 276 S.C. 301, 278 S.E.2d 333 (1981)).

■ Knowledge of the injury alone does not, *a fortiori*, give rise to suspicion of impropriety by an attorney. Rather, the limitations period is triggered by knowledge of facts, diligently acquired, sufficient to put an injured person on notice that a cause of action may exist against another. *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615 (1997). The test of whether a person should have known the operative facts is objective, rather than subjective, and the discovery rule focuses on whether the complaining party acquired knowledge of any existing facts sufficient to put the party on inquiry. *Berry v. McLeod*, 328 S.C. at 445, 492 S.E.2d at 799.

While knowledge of the injury alone may not give rise to a suspicion of impropriety by her attorney, we find, under the facts of this case, Peterson had knowledge of facts sufficient to put her on notice of a potential cause of action against Register. It is undisputed Peterson had knowledge of her injury by November 4, 1993, the date she commenced an action to foreclose on the judgment. By that time, she knew that an error had been committed in the indexing of her judgment. It is further undisputed that she had knowledge at that time that a Rule 40(c)(3) order had been issued dismissing her action against Scarscella. Although she may have believed that the clerk's office was to blame for the erroneous indexing of her judgment, she had facts before her that, by the exercise of reasonable diligence, would put a person of common knowledge and experience on notice that she might have a claim against her attorney.

■ Peterson next argues Swafford's knowledge cannot be imputed to her because his discovery of a potential suit against Register was beyond the scope of Swafford's duties to her. As acknowledged by Peterson in her brief, however, this issue was never ruled on by the trial judge. Peterson's argument, therefore, is not preserved on appeal. See *Food Mart v. South Carolina Dep't of Health and Envtl. Control*, 322 S.C. 232, 471 S.E.2d 688 (1996) (matters not argued to or

140

ruled on by trial court are not preserved for appellate review); *Noisette v. Ismail,* 304 S.C. 56, 403 S.E.2d 122 (1991) (where trial court does not explicitly rule on issue at trial and party fails to make Rule 59(e), SCRCP, motion to amend for a ruling, issue is not properly before appellate court and should not be addressed).[1] We find the trial judge properly determined Peterson's claim against Register was barred by the statute of limitations. Accordingly, the order below is

**AFFIRMED.**

HEARN and STILWELL, JJ., concur.

---

1. Although Peterson's brief indicates a motion to reconsider was filed and denied, neither the motion nor the order are in the record on appeal. *See Windham v. Honeycutt,* 290 S.C. 60, 348 S.E.2d 185 (Ct.App.1986) (burden is on appellant to furnish adequate record from which this court can make an intelligent review).