THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Larry A. Yates, Appellant,
v.
Francis T. Draine, Respondent.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2006-UP-169
Submitted March 1, 2006  Filed March 22, 2006   

AFFIRMED

 
 
 
Larry A. Yates, of Columbia, for Appellant.
Frank B. McMaster, John Gregg McMaster, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this legal malpractice action, Larry A. Yates appeals the circuit courts grant of summary judgment in favor of Francis T. Draine based on the statute of limitations of section 15-3-535 of the South Carolina Code (Supp. 2005).  We affirm.[1]
FACTS
In 1988, Yates and his corporation entered federal bankruptcy.  Thereafter, Yates was indicted and arrested for bankruptcy fraud.  In 1996, Yates filed a pro se suit in federal court against the federal officials involved in the bankruptcy and criminal prosecution and against Robert Rutland, a former business associate.  Yates hired Draine to represent him, and Draine filed an amended complaint on Yatess behalf.  The amended complaint alleged civil conspiracy, negligence, negligent misrepresentation, negligent or intentional infliction of emotional distress, violation of constitutional rights, conversion, defamation, tortious interference with contractual relations, and malicious prosecution.  The complaint was dismissed as to all parties.  This was the only instance Draine represented Yates in any proceeding.
In 1997, Rutland brought an action against Yates and Draine over the recently dismissed federal action.  Draine received a grant of summary judgment dismissing the entire complaint against him.  The causes of action against Yates remained.
After Draine was dismissed, Yates asked Draines attorney, Henry Dargan McMaster, to represent him in the November 18, 1999 summary judgment motion in the Rutland action.  McMaster ultimately agreed to the limited representation of Yates in the summary judgment hearing.  After two continuances, neither of which were requested by McMaster, McMaster learned the case was set for trial on February 28, 2000, so he withdrew from representing Yates as he only agreed to represent Yates at the summary judgment hearing.  A formal motion withdrawing as counsel was filed on March 6, 2000.  After Yates obtained new counsel, the case went to trial, and a verdict against Yates was returned.
Yates filed this action against Draine in August 2001, alleging negligence/legal malpractice, negligent misrepresentation, and breach of contract arising from Draines representation in the federal civil suit filed by Yates in 1996.  Draine moved for summary judgment based on the statute of limitations, and the circuit court granted the motion.  Yates appealed.
STANDARD OF REVIEW
In reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Baughman v. American Tel. & Tel. Co., 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991).  In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party.  Strother v. Lexington County Recreation Commn, 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).  On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below.  Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).
LAW/ANALYSIS
Yates argues the circuit court erred in granting summary judgment in favor of Draine based on the statute of limitations.  We disagree.
Section 15-3-530 of the South Carolina Code (Supp. 2003) provides a three-year statute of limitations for legal malpractice lawsuits.  Under the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct. S.C. Code Ann. § 15-3-535 (Supp. 2001); Dean v. Ruscon Corp., 321 S.C. 360, 468 S.E.2d 645 (1996).  The supreme court has held:

The exercise of reasonable diligence means simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist. The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed. 

Mitchell v. Holler, 311 S.C. 406, 412, 429 S.E.2d 793, 799 (1993).  Moreover, the standard is objective and not subjective.  Berry v. McLeod, 328 S.C. 435, 438, 492 S.E.2d 794, 796 (Ct. App. 1997).  The statute of limitations begins to run at the time the individual has inquiry or constructive notice.  Id. at 413, 492 S.E.2d at 800.
Yatess own testimony clearly establishes that he became completely and fully aware of any alleged malpractice in January 1997.  Yates stated in his affidavit:

I was shocked and could hardly believe what all I had uncovered about Attorney Draine from the record of my case at the Clerk of Courts office on January 6, 1997.  

In his deposition, Yates conceded:

Ill establish the fact that in January 97 I was certainly aware of the problems we were having.  So if you want to establish that for the fact of the statute of limitations, you got it established.  

Additionally, Yates sent a letter to Draine in January 1997 complaining of Draines performance.  Yates was on notice, by his own admission, of a perceived problem with Draines representation on January 6, 1997, and should have filed his action within three years of that date.  Yates did not file this action until August 1, 2001, almost twenty months after the statute of limitations had run. 
CONCLUSION
Accordingly, the circuit courts grant of summary judgment in favor of Draine is hereby
AFFIRMED.
HEARN, C.J., ANDERSON and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.