

**FILED**

Sep 10 2019, 8:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

James E. Saylor
Carlisle, Indiana

APPELLEE PRO SE

Allan W. Reid
Zionsville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Saylor,<br>*Appellant*,<br><br>v.<br><br>Allan W. Reid,<br>*Appellee*. | September 10, 2019<br><br>Court of Appeals Case No.<br>18A-CT-2490<br><br>Appeal from the Jefferson Superior Court<br><br>The Honorable Michael J. Hensley, Special Judge<br><br>Trial Court Cause No.<br>39D01-1806-CT-562 |

**Brown, Judge.**

[1] James E. Saylor appeals the trial court's grant of attorney Allan Reid's motion to dismiss. Saylor raises one issue which we revise and restate as whether the trial court erred by granting Reid's motion. We affirm.

## Facts and Procedural History

[2] Saylor was convicted of molesting his stepdaughter, pled guilty to being an habitual offender, and was sentenced to 138 years. *Saylor v. State*, 55 N.E.3d 354, 357 (Ind. Ct. App. 2016), *reh'g denied*, *trans. denied*. At some point, Saylor paid Attorney Reid $5,000.

[3] On April 15, 2014, Saylor filed a petition for post-conviction relief in the Jefferson Circuit Court under cause number 39C01-1404-PC-315, and raised numerous issues, including that his trial counsel was ineffective for conceding his guilt to two counts of class A felony child molesting during closing argument and that his guilty plea to the habitual offender charge was not knowing, voluntary, and intelligent because he did not personally waive his right to a jury trial. On its final page, the petition states: "Petitioner has retained an attorney to represent him in this proceeding. Allan W. Reid, 155 E Market Street, Indianapolis, Indiana, 46204." *Id.* at 17. That same page includes a line for "Signature of Petitioner" at the end of the facts in support of the petition. *Id.* at 17. A handwritten "James E. Saylor / ar" is written above the signature line. *Id.* The following appears under that signature:

> State of Indiana )
> ) SS:
> County of Johnson )
>
> I, James E. Saylor, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing petition; that I know the contents thereof; that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this motion; and that the matters and allegations therein set forth are true.

*Id.* Under the foregoing, another signature line appears with a handwritten "James E. Saylor / ar." *Id.* The signatures on the petition were notarized by Reid's paralegal naming James E. Saylor as the signatory and the notarization was dated April 8, 2014.

[4] The post-conviction court denied Saylor's petition. 55 N.E.3d at 358. On appeal, we vacated his habitual offender adjudication and remanded for a new trial with respect to the habitual offender allegation because he did not personally waive his right to a jury trial when he pled guilty to being an habitual offender. *Id.* at 357. We affirmed the post-conviction court on all other issues. *Id.*

[5] On June 19, 2018, Saylor filed a complaint against Reid for damages alleging "fraud, forgery, fraudulent misrepresentation, negligence *res ipsa loquitor* legal malpractice and claim for compensatory, actual and punitive damages." Appellant's Appendix Volume II at 28. Saylor asserted that he did not authorize Reid to sign his name to the petition for post-conviction relief, that Reid forged his signature and filed the petition without his consent, and that

Reid then forged a letter on January 22, 2015, in Saylor's name advising the court that Saylor would proceed *pro se*. He argued that Reid forfeited his constitutional right to seek redress of his conviction. He requested actual damages in the amount of $5,000 paid for services that were not fulfilled and $250,000 in punitive damages.

On July 2, 2018, Reid filed a verified motion for change of venue and requested that the court transfer the cause to Marion County. That same day, Reid also filed a motion to dismiss and argued that Saylor "failed to plead allegations of fraud with particularity as required under the rules" or "to show the six year statute of limitations under I.C. 34-11-2-7 applies to his claim." *Id.* at 35.

On September 10, 2018, the court held a hearing.[1] On September 28, 2018, the court entered an order denying Reid's motion for change of venue. That same day, the court dismissed Saylor's complaint with prejudice.

### *Discussion*

The issue is whether the trial court erred by granting Reid's motion to dismiss. A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015). "When ruling on a motion to dismiss, the court must 'view the pleadings in the light most favorable to the nonmoving party, with every

---

[1] The record does not contain a copy of the transcript of the hearing.

reasonable inference construed in the non-movant's favor.'" *Id.* (quoting *Kitchell v. Franklin*, 997 N.E.2d 1020, 1025 (Ind. 2013)). We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion *de novo*.[2] *Id.* "We will not affirm such a dismissal 'unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.'" *Id.* (quoting *City of E. Chicago, Ind. v. E. Chicago Second Century, Inc.*, 908 N.E.2d 611, 617 (Ind. 2009)). We will affirm the trial court's ruling if it is sustainable on any basis found in the record. *Bonner ex rel. Bonner v. Daniels*, 907 N.E.2d 516, 518 (Ind. 2009).

[9] Saylor argues that the trial court erred in dismissing his complaint with prejudice and that he should have been allowed to amend his complaint as a matter of right. He contends that he also raised claims of forgery, fraudulent misrepresentation, negligence, and legal malpractice, that Reid never made any argument about those claims, and the trial court never addressed those claims but merely dismissed all of them.

[10] Reid asserts that, when he signed Saylor's name to the petition for post-conviction relief, he placed his own initials next to each signature to make known that he was the one who signed Saylor's name as his agent and there was no attempt to conceal that fact or to perpetrate a fraud on any of the parties

---

[2] Saylor states he "is assuming *arguendo* that the trial court must have *interpreted* the defendant's motion to dismiss pursuant to *T.R. 12(B)(6*[)] because the motion for change of venue was denied; thus, ruling out the court's dismissal of Saylor's claim vis-à-vis *Ind. T.R. 12(B)(3)* . . . ." Appellant's Brief at 11 (citations omitted).

or the court. He contends that Saylor has not demonstrated how he might have been injured by Reid signing his name. He argues that Saylor waived any claim that his actions amount to fraud upon the court because he raises the issue for the first time on appeal and that he did not commit fraud on the court. He also asserts that Saylor cannot now seek to amend his complaint months after the time period to do so has closed.

[11] The statute of limitations for a claim of legal malpractice is two years. Ind. Code § 34-11-2-4. For a cause of action to accrue, it is not necessary that the full extent of damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Doe v. United Methodist Church*, 673 N.E.2d 839, 842 (Ind. Ct. App. 1996), *trans. denied*. "Further, legal malpractice actions are subject to the 'discovery rule,' which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another." *Biomet Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), *trans. denied*. For purposes of the discovery rule, reasonable diligence "'means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.'" *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006) (quoting *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793, 795 (1993)).

[12] While Saylor mentioned fraud, forgery, fraudulent misrepresentation, and negligence, these allegations, as pled by Saylor, substantively constitute or are a part of his claim of legal malpractice. Accordingly, the two-year statute of limitations is applicable to Saylor's claims. *See Myers v. Maxson*, 51 N.E.3d 1267, 1277 n.10 (Ind. Ct. App. 2016) (noting that allegations of constructive fraud and intentional infliction of emotional distress were substantively part of the legal malpractice claim), *trans. denied*; *Keystone Distribution Park v. Kennerk, Dumas, Burke, Backs, Long, & Salin*, 461 N.E.2d 749, 751-752 (Ind. Ct. App. 1984) (treating a claim for constructive fraud as, substantively, one for legal malpractice for purposes of a statute of limitations analysis).

[13] The record reveals that the alleged malpractice occurred in 2014, this Court issued its opinion on May 23, 2016, following the denial of Saylor's petition for post-conviction relief, and Saylor did not file his complaint until June 19, 2018. The trial court did not err in dismissing Saylor's complaint. To the extent Saylor contends that the trial court erred in dismissing his complaint with prejudice, we note that while Trial Rule 12(B)(6) provides that when a motion to dismiss is sustained for failure to state a claim the pleading may be amended once as of right, Saylor has not shown on appeal how he would have amended his complaint to avoid dismissal. We find any error harmless. *See Baker v. Town of Middlebury*, 753 N.E.2d 67, 74 (Ind. Ct. App. 2001) (holding that the trial court erred in dismissing a complaint "with prejudice," noting that the plaintiff had not shown on appeal how he would have amended his complaint to avoid dismissal under Rule 12(B)(6), concluding that the trial court's error

was harmless, and affirming the trial court's dismissal), *reh'g denied*, *trans. denied*.[3]

[14] Affirmed.

Riley, J., and Tavitas, J., concur.

---

[3] While we affirm the dismissal of Saylor's complaint, we express concern about the practice of an attorney signing a client's name. Ind. Post-Conviction Rule 1(3)(b) provides that "[t]he petition shall be made under oath and *the petitioner* shall verify the correctness of the petition, the authenticity of all documents and exhibits attached to the petition, and the fact that he has included every ground for relief under Sec. 1 known to *the petitioner*." (Emphases added). We also note that the standard form appended to Post-Conviction Rule 1 asks whether the petitioner has retained an attorney to represent him in the post-conviction proceeding and lists the "Signature of Petitioner" and "Signature of Affiant" under the statement that the petition includes every ground known to the petitioner for vacating, setting aside, or correcting the conviction and sentence attacked in the petition.

To the extent Reid asserts that "the fact that [he] signed the PCR that was filed with and acted on by the trial court does not foreclose Saylor's right to file another PCR without the need for seeking permission to file a successive PCR," Appellee's Brief at 11, we observe that Saylor filed a petition for post-conviction relief under lower court cause number 39C01-1902-PC-191 in the Jefferson Circuit Court on February 15, 2019, he appealed the post-conviction court's denial of the petition, and this Court entered an order on July 29, 2019, concluding that Saylor did not obtain authorization to file his February 15, 2019 petition for post-conviction relief and that the petition was an unauthorized successive petition for post-conviction relief and dismissing the appeal with prejudice. *See* Appellate Cause No. 19A-PC-857.