20987

James Haskell SHEALY, as Successor to S. H. J., Inc., Appellant, v. James D. WALTERS, Respondent.

(256 S. E. (2d) 739)

*W. N. Moore, Jr.,* Columbia, *for appellant.*

*David W Robinson, II,* Columbia, *for respondent.*

June 14, 1979.

*Per Curiam:*

The complaint of the appellant, James Haskell Shealy, alleges that the defendant, James D. Walters, an attorney, was guilty of legal malpractice in the handling of a real estate transaction, and that his negligence caused extensive damages to the plaintiff. Walters, in answering the complaint, asserted (1) a general denial, (2) estoppel, (3) contributory negligence on the part of the plaintiff, (4) that the plaintiff has no valid claim because he received a fee simple title and because a purchase contract was assigned.

The case was tried before the Honorable Owens T. Cobb, Jr., as special circuit judge, without a jury. Judge Cobb issued his order granting judgment to Walters. Shealy has appealed.

> Inasmuch as this is a law action tried by the judge without a reference to a master, the judge's findings of fact must be sustained unless found to be without

evidentiary support, the same as if before us on appeal from a jury verdict. *Townes Associates, Ltd. v. City of Greenville,* 266 S C. 81, 221 S. E. (2d) 773 (1976).

There is little dispute as to the facts out of which the action arises.

On October 29, 1971, Trippett Boineau negotiated a contract to buy 415 acres of land in Abbeville County from W. C. Ellis, Jr. and Edna W. Ellis.[1] Boineau was the sole stockholder of Rockie Realty, Inc., and the contract was made in the name of that corporation. Boineau and Rockie Realty, Inc. are, for most practical purposes, one and the same, and may be referred to somewhat interchangeably. The contract provided for a $500.00 earnest money payment and for payment of $22,800.00 within thirty days. The seller, Ellis, agreed ". . . to accept purchaser's *corporate* and *personal* note for the balance of the purchase price payable in fifteen (15) equal, annual installments plus an interest rate of seven (7%) percent per annum." The total purchase price was $114,000.00. The note was not to be secured by a mortgage or otherwise. Boineau exhibited to Ellis what purported to be ". . . a financial statement of Rockie Realty showing a net worth of $20,000,000.00."

Defendant Walters had been attorney for Rockie Realty, Inc. and Trippett Boineau, individually. It was the plan of Boineau to take a deed from Ellis to Rockie Realty, Inc. and immediately mortgage the property to the American Bank and Trust for $100,000.00. A deed from Ellis to Rockie Realty, Inc. was prepared by Walters. It developed that the credit of Boineau and Rockie Realty, Inc., was extended such that the loan could not be procured. As a result, Boineau persuaded Shealy to buy the property and procure the loan in the name of S.H.J., Inc. from the bank in the amount of $100,000.00. Ellis was not told of this arrangement.

---

[1] Although title was in W. C. Ellis, Jr. only, Edna W. Ellis signed the deed as well as the dower.

On December 7, 1971, Ellis and his wife executed a deed to Rockie Realty, Inc. It recited a consideration of $114,-000.00. Simultaneously, Boineau, as president of Rockie Realty, Inc., and also individually, signed a note, designated "mortgage note," in favor of Ellis for $90,700.00, payable in fifteen annual installments as indicated hereinabove. It was not in fact a mortgage note, but was merely an ordinary, unsecured promissory note. A new deed was not prepared with S.H.J., Inc., as grantee; instead, Walters, or his secretary, erased "Rockie Realty, Inc.," and inserted in lieu thereof "S.H.J., Inc." At that time there was no S.H.J., Inc. corporation in being. It was a corporation which Walters had been employed to organize, with Shealy as its sole stockholder. In the handling of this entire transaction, Walters represented Shealy.

On December 8, 1971, Shealy signed the Articles of Incorporation, and on December 13, 1971, the Articles were validated by the Secretary of State, bringing the corporation S.H.J., Inc. into being.

On December 14, 1971, S.H.J., Inc., through its president Shealy, executed its mortgage on the 415 acre tract in favor of the American Bank and Trust, with a note payable one year from date, on December 14, 1972. Walters admittedly represented Shealy and S.H.J., Inc. and supplied the title certificate to the American Bank and Trust. He made disbursements of the entire amount correctly, a large portion of which went to Rockie Realty, Inc. and/or Trippett Boineau. Shealy was of the impression that the money was being used to pay the seller.

On the same date, December 14, 1971, Shealy and Boineau entered into an agreement whereby Boineau could purchase this property by acquiring all of the S.H.A., Inc. stock at the end of a year, after the note in favor of American Bank and Trust had been satisfied.

On October 16, 1972, Rockie Realty, Inc. was declared bankrupt.

At the end of the year, on December 14, 1972, S.H.J., Inc. paid the note to the bank in full, and the bank assigned the note and mortgage to Shealy, individually.

In January, 1973, Ellis procured judgment on the $90,-700.00 note which had been executed by Rockie Realty, Inc. and Boineau, individually. The judgment was not collectible.

On January 23, 1973, S.H.J., Inc. deeded the 415 acre tract to Shealy, individually, and on January 29, 1973, the S.H.J., Inc. corporation was dissolved.

On April 15, 1974, Ellis brought an action in the Court of Common Pleas for Abbeville County against Shealy, as successor to S.H.J.. Inc., to cancel the deed wherein Ellis conveyed the 415 acres. In that action the complaint alleged that the deed was unlawfully altered without Ellis's knowledge after the execution of the deed, by substitution of "S.H.J., Inc." for "Rockie Realty, Inc.," and further altered by changing the consideration paid. The prayer for relief asked that the deed be canceled, annulled and removed from the records of the Clerk of Court for Abbeville County, and that title be revested in Ellis. The issues were tried before the master in equity, who found that the deed ". . . was altered by Mr. Walters, or someone under his supervision, without the knowledge, authorization or consent of [Ellis], by erasing the name of Rockie Realty, Inc., as grantee and substituting the name of S.H.J., Inc." The master also found that Mr. Walters acted as attorney for Shealy, the S.H.J., Inc. corporation, and for Rockie Realty, Inc., and Trippett Boineau. Shealy excepted to the master's report, but on April 2, 1976, all exceptions were overruled and Judge Francis B. Nicholson confirmed the master's report, cancelled the deed and revested the property in Ellis. Under Judge Nicholson's order, Shealy was left with nothing.

Accordingly, as of that time:
1. Shealy had no valid title,
2. The bank had been paid by Shealy and/or S.H.J., Inc.,

3. Boineau and/or Rockie Realty, Inc. were beneficiaries of the great bulk of the $100,000.00 loan,

4. Rockie Realty, Inc. was in bankruptcy, and

5. Ellis was back in control of the 415 acre tract.

The action before us today was commenced on April 22, 1976. Shealy alleges that he has been damaged in the amount of $250,000.00 because of ". . . the negligent acts of error and omissions by Mr. James D. Walters in handling . . ." the entire land transaction. The specific acts of negligence assert that Walters ". . . was negligent in not having the deed of December 7, 1971 properly prepared and that it was error and omission for him not to have the corrected deed properly initialed . . ." by the grantors, and that he was negligent in failing to get a valid assignment of the original October 29, 1971, contract for sale in favor of S.H.J., Inc. The complaint also alleges negligence in failing to explain to Ellis that S.H.J., Inc. was the purchaser of the property and that they were receiving merely a promissory note from Rockie Realty, Inc. and Trippett Boineau for payment of the balance of the purchase price.

In order to recover in this action, there are three basic things which the plaintiff must prove by the greater weight of the evidence:

1. That the plaintiff has sustained injuries;

2. That the defendant has been negligent in one or more particulars; and

3. That such negligence was the proximate cause, or at least a contributing proximate cause of the injuries.

AS TO INJURY: There is no doubt but that plaintiff Shealy has sustained injuries and suffered damages. He has paid the bank $100,000.00 and has nothing in return.

AS TO NEGLIGENCE: Judge Cobb in this action (as well as Judge Nicholson in the Abbeville County action) has found that Walters erased "Rockie Realty, Inc." from the

deed and inserted in lieu thereof "S.H.J., Inc.," *after it had been executed* by Ellis. Such finding is clearly sustained by the stipulated testimony of Ellis. That finding has not been disputed by Walters on appeal.

Walters, having been employed to represent S.H.J., Inc. and/or Shealy, had a duty to prepare the papers and have them executed in such a way as to protect the purchaser and assure the purchaser of a valid marketable title. He had a kindred duty to the bank. When Ellis signed the deed in favor of Rockie Realty, Inc., Rockie Realty, Inc. became vested with the title, and the substitution did not serve the purpose of divesting Rockie Realty, Inc. of the title Ellis had conveyed to it. *Booker v. Stivender,* 47 S.C.L. (13 Rich) 85 (1860); 9 Am. Jur. (2d) *Alteration of Instruments* § 33. At most, S.H.J., Inc. and/or Shealy might have a cause of action against Rockie Realty, Inc. in equity to validate the substitution. The handling of the matter amounted to negligence as a matter of law, and the trial judge should have so held.

AS TO PROXIMATE CAUSE: Judge Cobb held that, even if it be found that Walters was negligent, he, Walters, "should prevail because his negligence was not the proximate cause of the injuries which Shealy has sustained." This ruling is the principal one contested on appeal. Counsel for Walters submits that there is only one question involved on appeal, as follows: "Did the trial judge properly conclude that the acts or omissions of Walters were not the proximate cause of any damages to Shealy?"

Judge Cobb explained his finding in the following manner:
"I find that the new grantee's name, S.H.J., Inc., was inserted after delivery, and therefore conclude that title was vested in the true grantee, Rockie Realty, Inc. Therefore, the alteration was ineffective for purposes of revesting the grantor (Ellis) with title. It follows that no damages were caused to the plaintiff by defendant. However haphazardly and carelessly defendant effectuated the transfer, as a mat-

ter of law title did become vested in S.H.J., Inc. Thus even if defendant negligently breached his duty to his client, the plaintiff, the resulting damage to plaintiff (the divestiture of his title to the land) cannot be said to have been proximately caused by the acts of the defendant. I find that the proximate cause of plaintiff's loss of title was the Order of Judge Nicholson, from which no appeal was taken."

It is apparent that Judge Cobb reasoned that substitution of a grantee after the execution of a deed does not serve the purpose of revesting the grantor with title. Accordingly, he says that the order of Judge Nicholson was incorrect.

Counsel for Walters, in an effort to sustain Judge Cobb's order, argues that nothing Walters did or failed to do was the real or proximate cause of the damages which Shealy sustained. He submits that the Judge Nicholson order was incorrect and that counsel for Shealy should have appealed. The order of Judge Nicholson is not subject to attack in this action. It is presumptively correct, but whether it is correct or incorrect is of no real consequence in this action. That order settled a dispute between Ellis and Shealy. The order declared title in Ellis. Even if the order is incorrect, it does not mean that Shealy has good title. This is an action in tort and is not one for the purpose of trying title to land. This court makes no intimation relative to ownership of the property.

Counsel for Walters argues that Shealy is not without hope of recovery; he submits that Shealy may now bring an action against Rockie Realty, Inc., on the theory that Trippett Boineau, on behalf of Rockie Realty, Inc., directed Walters to change the name of the grantee and that Rockie Realty, Inc. is prevented, by estoppel, to deny that Shealy is entitled to ownership of the property. He submits that after prevailing in an action against Rockie Realty, Inc., he would then be in a position to bring an action against Ellis and acquire title to the property, notwithstanding the order of Judge Nicholson.

All of this is inconsistent with the fee simple marketable title Shealy had the right to expect. We think it inescapable that the predicament in which Shealy finds himself at this time was proximately caused by the delicts of Walters. But for the Walters erasure, there would have been no suit by Ellis and Shealy would have the land. Judge Nicholson's order was not an intervening cause which insulated Walters from liability.

■ Shealy should not have been called upon to defend the action; he was brought into the court solely because the grantee in the deed was improperly substituted. He should not now be called upon, as argued by Walters' counsel, to bring two, or even one lawsuit in quest of good title. The lower court erred in failing to find that the negligence of Walters proximately caused injuries to Shealy. We think that plaintiff has proved all elements of his case as a matter of law, so that if the matter had been tried before a jury a directed verdict would have been in order. The only reasonable inference to be drawn from the whole of the evidence is that Shealy suffered damages which were proximately caused by the negligence of Walters. It is of no comfort to Walters that there may have been, arguably, other causes of the injuries. It is a sufficient basis for recovery if a defendant's conduct is a contributing proximate cause.

The case is remanded to the lower court for the purpose of permitting Shealy to establish the amount of his damages, for which he shall have judgment.

Reversed and remanded.