## 21434

Kay A. Lloyd, Appellant, v. James D. WALTERS, Respondent.
(277 S. E. (2d) 888)

*J. Donald Scott,* Columbia, *for appellant.*

*J. Means McFadden,* Columbia, *for respondent.*

April 21, 1981.

NESS, Justice:

This is a professional negligence case. The complaint of appellant Kay A. Lloyd, alleged respondent James D. Walters, an attorney, was negligent in certifying the president of VA South, Inc., was authorized to sell the corporate property and disburse the proceeds of the sale, all of which caused him injury. The trial judge, sitting without a jury, ordered judgment for Walters. We reverse.

VA South, Inc., was formed for the express purpose of acquiring, holding and selling approximately 33 acres of real estate. This litigation arose out of the sale of the corporate property, wherein, Walters, acting as corporate counsel, certified that R. Trippett Boineau, President of VA South, was authorized to sell the property and to have the proceeds of the sale disbursed under his direction. It is uncontradicted in the record that the sale would not have taken place had Lloyd not allegedly consented by telephone to the sale.

In an action at law tried by a judge sitting without a jury, his findings of fact must be sustained unless without evidentiary support. *Shealy v. Walters,* 273 S. C. 330, 256 S. E. (2d) 739 (1979).

In *Shealy* we held a plaintiff must prove three elements by the greater weight of the evidence to recover in a negligence action:

"(1) —plaintiff has sustaind injuries;

(2)—defendant has been negligent;—and

(3)—such negligence was the proximate cause, or at least a contributing proximate cause of the injuries."

It is uncontroverted that Lloyd has suffered injury. His interest in the corporate property was sold and he failed to receive any of the proceeds.

The trial judge held Lloyd failed to meet his burden of proof that Walters was negligent. The judge relied heavily on disputed evidence concerning an alleged telephone conversation between Walters and Lloyd. Walters testified Lloyd consented to the sale during the telephone conversation. Lloyd denied the conversation ever took place. In his order, the judge stated:

"[I]f the telephone call never transpired, as plaintiff Lloyd has testified, then Mr. Walters may well have acted tortiously in giving his opinion as to the validity of the certificate of corporate resolution (authorizing Boneau to sell). The burden of proof lies with the plaintiffs on this point. The evidence boils down to Boineau's and Walters' affirmance of the telephone call against Lloyd's denial . . . . I cannot find from the evidence presented that it is more likely than not that the telephone call occurred." (Tr. p. 252).

It is clear from the order that the trial judge considered Boineau's statements concerning the telephone conversation. This was error. Boineau, a co-defendant in the trial, did not testify, and his affirmance of the telephone conversation comes solely from his[1] questioning of the witness and should not have been considered by the trial judge.

However, even believing Lloyd consented to the sale in the telephone conversation, and irrespective of the standard of care, there has been no claim that Lloyd consented to the disbursement of the sale proceeds solely to

---

[1] He represented himself, pro se.

Boineau. Walters breached his corporate duty by failing to protect the interest of the corporation in disbursing the sale proceeds.

The only reasonable inference to be drawn from the record is that Lloyd suffered damages which were proximately caused by Walters' negligence in disbursing the sale proceeds. We hold Lloyd has proved all elements of his case as a matter of law, so that if the matter had been tried before a jury, he would be entitled to a directed verdict. *Shealy,* supra, 273 S. C. at 338, 256 S. E. (2d) 739.

The trial judge erred in failing to direct a verdict in favor of Lloyd on the issue of liability. We remand the case to the trial court for the sole purpose of permitting Lloyd to establish the amount of damages for which he shall have judgment.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.