CAROLINA WINDS OWNERS' ASSOCIATION, INC., Appellant v. JOE HARDEN BUILDER, INC., Baker Masonry, Inc., Grayco Steel, Inc., Richard E. Martin, AIA Associates, and United States Fidelity and Guaranty Company, Defendants, Of whom Joe Harden Builder, Inc., Baker Masonry, Inc., and United States Fidelity and Guaranty Company, are Respondents.

(383 S. E. (2d) 463)

Court of Appeals

*John P. Henry* and *Emma Ruth Brittain* of *Thompson, Henry & Gwin, P.A.*, Conway, *for appellant.*

*Michael W. Battle* of *Lovelace & Battle, John B. Mc-Cutcheon, Jr.* of *McCutcheon, McCutcheon & Baxter,* Conway, *Hubert J. Bell, Jr.* of *Smith, Currie & Hancock, J. Alexander Porter* and *Sidney R. Barrett, Jr.* of *Porter & Doster,* Atlanta, Ga., *Thomas E. Pederson,* Charleston, and *Dewitt T. Black, III* of *Black & Beil,* Hilton Head Island, *for respondents.*

*S. C. Trial Lawyers' Assn., J. Marvin Mullis,* Columbia, *amicus curiae.*

Nov. 30, 1988.

## ORDER ON REHEARING

*Per Curiam:*

We granted rehearing to reconsider two issues raised by the petition and also by the amicus curiae brief of the South Carolina Trial Lawyers' Association.

The first issue is whether a building contractor who builds a new residence but does not sell it to a home buyer should be liable on the implied warranty of habitability recognized in *Rutledge v. Dodenhoff,* 254 S. C. 407, 175 S. E. (2d) 792 (1970). In *Arvai v. Shaw,* 289 S. C. 161, 345 S. E. (2d) 715 (1986), the Supreme Court held that the implied warranty of habitability arises strictly from the contract of sale. Therefore, a builder who did not make the initial sale of the house was not liable on the warranty. Counsel concedes that *Arvai* forecloses the argument he makes in this case. However, the Owners and the amicus curiae suggest we should overrule or modify *Arvai* to include liability for builders who are not vendors. This Court is bound by the decisions of the Supreme Court and has no authority to overrule or change the law as declared by those decisions. *Shea v. State Dept. of Mental Retardation,* 279 S. C. 604, 310 S. E. (2d) 819 (Ct. App. 1983).

The second issue is whether the builder's implied warranty that the dwelling is constructed in a careful, diligent, workmanlike manner should be extended to a home buyer who is not a party to the construction contract from which the warranty arises. Although this issue has been argued at length on appeal, it was not raised by the pleadings nor argued in the circuit court. Consequently, we cannot address

it. *Rental Uniform Service of Greenville, South Carolina, Inc. v. K & M Tool and Die, Inc.*, 292 S. C. 571, 357 S. E. (2d) 722 (Ct. App. 1987).

Having considered the points raised by the petition for rehearing, we adhere to the views expressed in our opinion.