23432

BEACHWALK VILLAS CONDOMINIUM ASSOCIATION, INC., and Beachwalk Villas Horizontal Property Regime, Appellants v. Richard E. MARTIN, AIA and Associates, Respondent.

(406 S.E. (2d) 372)

Supreme Court

*George E. Mullen,* Hilton Head Island, *for appellants.*

*J.W. Cabaniss* of *Grimball & Cabaniss,* Charleston, *for respondent.*

Heard May 31, 1990.

Decided July 8, 1991.

FINNEY, Justice:

Appellants Beachwalk Villas Condominium Association (Association) and Beachwalk Villas Horizontal Property Regime (Regime) appeal the circuit court's order granting summary judgment in favor of the respondent, architect Richard Martin, AIA and Associates (Martin). We reverse and remand.

During 1980 and 1981, Justice Builders, Inc. (Justice), developed, constructed and marketed Beachwalk Villas, a luxury condominium project. Justice awarded Martin the contract for land planning and architectural design. Justice subsequently filed for bankruptcy pursuant to Chapter 7 of the Bankruptcy Act.

The Association is a nonprofit corporation chartered for the purpose of administering Beachwalk Villas common property. The Regime is responsible for administering, maintaining and repairing the property.

After completion of the condominium, appellants allege they discovered structural deficiencies which they estimate will cost $2,000,000 to repair. Appellants brought suit against Martin asserting two causes of action; first, negligence in failing to properly design the project and specify appropriate materials and procedures to be utilized in the construction process, failing to properly supervise and inspect the work, and second, for breach of an implied warranty that the plans and specifications were suitable and fit for use in construction of buildings designed for use as condominiums.

Martin moved for summary judgment, and the trial judge granted his motion. Thereafter, the trial court agreed to reconsider its order. Upon reconsideration, the trial judge issued an order affirming his initial grant of summary judgment.

The question raised by this appeal is whether condominium owners may sue an architect for (1) negligence in the design, preparation of plans, specifications, and supervision of construction of the condominium complex; and (2) the breach of implied warranty where no contractual privity exists between the architect and the condominium owners.

The trial court held that the negligence or architect's malpractice action was barred by the "economic loss rule"[1] set forth in *Carolina Winds Owners' Association, Inc. v. Joe Harden Builder, Inc.*, 297 S.C. 74, 374 S.E. (2d) 897 (Ct. App. 1988), *overruled by Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 384 S.E. (2d) 730 (1989). The trial court also held that the relationship of architect and owner does not give rise to an implied warranty. We disagree with both holdings.

Forty years ago, in a suit by an owner/contractor against an architect for negligently furnishing defective construction plans, this Court held:

> [I]f a party furnishes plans and specifications for a contractor to follow in a construction job, he thereby impliedly warrants their sufficiency for the purpose in view. *Hill v. Polar Pantries*, 219 S.C. 263, 271, 64 S.E. (2d) 885, 888 (1951).

Thus, did this Court recognize the architect's liability to an owner and contractor based on an implied warranty of workmanship. The architect's liability to owner/developer for negligent design was recently clarified by this Court in *Gilliland v. Elmwood Properties*, — S.C. —, 391 S.E. (2d) 577 (1990).

In our recent case of *Kennedy v. Columbia Lumber & Mfg. Co., supra*, this Court determined that a builder may be held responsible in negligence and implied warranty to new home purchasers although the builder did not sell the home, and damages suffered, were only of an economic nature, notwithstanding the "economic loss rule."

We find that extension of the holding in *Kennedy* to architects is a logical expansion of our law to provide protection for homebuyers. "The practical difficulties facing today's new home buyer mandate that we allow a buyer to ordinarily proceed against both the builder and seller, or either of them. The

---

[1] The "economic loss rule" states that there is no tort liability for a product defect if damage suffered by a plaintiff is only to the product itself. However, our holding in *Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 384 S.E. (2d) 730 (1989), limits the "economic loss rule" to those cases where duties are created solely by contract. Thus, a cause of action in negligence would be available where a builder has violated a legal duty, no matter the type of resulting damage. *Kennedy, supra.*

buyer may obtain a single satisfaction in accordance with his determination of which of the parties can best respond to judgment." *Kennedy*, 299 S.C. at 344, 384 S.E. (2d) at 736.

In accord with this Court's position in *Kennedy*, we hold that architects may be held liable to homebuyers for negligence in connection with home construction projects and breach of implied warranty where no contractual privity exists between the architect and the homebuyer. For the foregoing reasons, this case is reversed and remanded.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.

