24328

TOMMY L. GRIFFIN PLUMBING & HEATING CO., Appellant v.
JORDAN, JONES & GOULDING, INC., Respondent.

(463 S.E. (2d) 85)

Supreme Court

*David B. Ratterman* and *Gerald L. Stovall,* both of *Goldberg & Simpson,* Louisville, Kentucky; and *Marvin D. Infinger,* of *Sinkler & Boyd,* Charleston, *for Appellant.*

*W. Jefferson Leath, Jr.,* of *Young, Clement, Rivers & Tisdale,* Charleston; and *George D. Wenick,* of *Smith & Fleming,* Atlanta, Georgia, *for Respondent.*

Heard Dec. 8, 1994.

Decided Oct. 16, 1995.

TOAL, Justice:

Tommy Griffin Plumbing & Heating Co. ("Griffin") appeals the circuit court's granting Jordan, Jones & Goulding's ("Engineer") motion for summary judgment. We affirm in part, reverse in part and remand to the circuit court.

## FACTS

Griffin was the low bidder on the construction of a water trunk for the County of Charleston. Engineer was the design engineer and supervised the project for the County.

The bid required Griffin to hold the bid price for 60 days to finalize the contract between the County and Griffin. During that time, County discovered that a portion of the project would have to be redesigned by Engineer. Because of the redesign, the award of the contract was delayed. Subsequently, Griffin entered into a contract with the County to construct the water trunk and a "special agreement" in which Griffin released the County and Engineer from any liability for the delay in awarding the contract.

Once construction began, Griffin and Engineer had numerous disagreements. Griffin brought this action claiming Engineer wrongfully closed the job for nearly a month due to false allegations of OSHA violations, Engineer made demands of Griffin which were not in the contract, Engineer wrote a disparaging letter to Griffin's bonding company, Engineer erroneously interpreted the contract to the County and Griffin, and Engineer's false interpretations of the contract required Griffin to hire an expert to interpret the contract between

Griffin and the County. The County paid Griffin for all of the extra costs which County agreed were caused by County, but County refused to compensate Griffin for costs incurred by Griffin as a result of Engineer's acts.

Griffin brought this action against Engineer alleging breach of implied warranty, fraud, tortious interference with present and prospective contracts, injurious falsehood, breach of professional responsibility, and economic duress. Griffin also asked for declaratory judgment and punitive damages. The circuit court judge granted summary judgment to the Engineer on all of Griffin's contract claims, finding there was no privity of contract between Griffin and Engineer. Additionally, the circuit court judge granted summary judgment to Engineer on all of Griffin's tort claims, holding Griffin could not recover in tort for purely "economic loss." Griffin appeals.

## LAW/ANALYSIS

### Economic Loss

The trial judge, relying on *Carolina Winds Owners' Association, Inc. v. Joe Harden Builder, Inc.*, 299 S.C. 224, 383 S.E. (2d) 463 (Ct. App. 1988), held Griffin could not recover economic loss for the tort of professional malpractice. Griffin contends this was error. We agree.

*Beachwalk Villas Condominium Association, Inc. v. Martin*, 305 S.C. 144, 406 S.E. (2d) 372 (1991) specifically recognized that *Kennedy v. Columbia Lumber & Mfg. Co., Inc.*, 299 S.C. 335, 384 S.E. (2d) 730 (1989) overruled *Carolina Winds*. Therefore, any reliance on *Carolina Winds* by the trial judge was an error of law.

Whether design professionals incur malpractice tort liability to the contractor for purely economic loss is a novel question in South Carolina. Traditionally, almost all states uniformly held that design professionals were not liable in tort to the plaintiff for purely economic loss. *See, e.g., R.H. Macy & Co., Inc. v. Williams Tile & Terrazzo Co., Inc.*, 585 F. Supp. 175 (N.D. Ga. 1984) (based on Georgia's privity statute); *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Ass'n*, 54 Ohio St. (3d) 1, 560 N.E. (2d) 206 (1990) (in absence of privity of contract between parties, there is no duty to exercise reasonable care to avoid economic losses to another);

*Spivack v. Berks Ridge Corp., Inc.*, 402 Pa. Super. 73, 586 A. (2d) 402 (1990) (economic losses may not be recovered in tort (negligence) absent physical injury or property damage); *Blake Constr. Co., Inc. v. Alley*, 233 Va. 31, 353 S.E. (2d) 724 (1987), (in action between contractor and architect, purely economic losses cannot be recovered in tort absent privity of contract). In the last few years, a growing number of states have refused to apply the "economic loss" rule to actions against design professionals when there is a "special relationship" between the design professional and the contractor.[1]

---

[1] *Owen v. Dodd*, 431 F. Supp. 1239 (N.D. Miss. 1977) (contractor may recover against architect); *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416 (E.D. Wash. 1976) (subcontractor may recover against architect); *United States ex rel. Los Angeles Testing Laboratory v. Rogers & Rogers*, 161 F. Supp. 132 (S.D. Cal. 1958) (contractor may recover against architect); *Berkel & Co. Contractors, Inc. v. Providence Hosp.*, 454 So. (2d) 496 (Ala. 1984) (subcontractor may recover against architect); *Donnelly Const. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 677 P. (2d) 1292 (1984) (architect liable on negligence theory to contractor for increased cost of construction due to error in plans and specifications); *Carroll-Boone Water Dist. v. M & P Equip. Co.*, 280 Ark. 560, 661 S.W. (2d) 345 (1983) (contractor may recover against engineer); *Wolther v. Schaarschmidt*, 738 P. (2d) 25 (Colo. Ct. App. 1986) (purchaser of home may recover against engineer); *Guardian Const. v. Tetra Tech Richardson, Inc.*, 583 A. (2d) 1378 (Del. Super. 1990) (lack of contractual privity between design engineer and general contractor was not fatal to negligence and negligent misrepresentation claims against design engineer, notwithstanding fact that contractor and subcontractor were seeking purely economic damages); *Normoyle-Berg & Assoc., Inc. v. Village of Deer Creek*, 39 Ill. App. (3d) 744, 350 N.E. (2d) 559 (1976) (contractor may recover against engineer); *Gurtler, Hebert & Co., Inc. v. Weyland Machine Shop, Inc.*, 405 So. (2d) 660 (La. App. 1981), *cert. denied*, 410 So. (2d) 1130 (La. 1982) (subcontractor may assert third-party claim against architect); *Craig v. Everett M. Brooks Co.*, 351 Mass. 497, 222 N.E. (2d) 752 (1967) (contractor may recover against engineer); *National Sand, Inc. v. Nagel Construction, Inc.*, 182 Mich. App. 327, 451 N.W. (2d) 618, *cert. denied*, 434 Mich. 1214, 456 N.W. (2d) 390 (Mich. 1990) (subcontractor may maintain action against engineers); *Bacco Const. Co. v. American Colloid Co.*, 148 Mich. App. 397, 384 N.W. (2d) 427 (1986) (contractor may recover against engineer); *Waldor Pump & Equipment Co. v. Orr-Schelen-Mayeron & Assoc., Inc.*, 386 N.W. (2d) 375 (Minn. App. 1986) (subcontractor may recover against engineer); *Magnolia Construction Co. v. Mississippi Gulf South Engineers, Inc.*, 518 So. (2d) 1194 (Miss. 1988) (architect owes duty to contractor); *Conforti & Eisele, Inc. v. John C. Morris Assoc.*, 175 N.J. Super. 341, 418 A. (2d) 1290 (1980), *aff'd*, 199 N.J. Super. 498, 489 A. (2d) 1233 (1985) (contractor may recover against design professional); *Ossining Union Free School Dist. v. Anderson LaRocca Anderson*, 73 N.Y. (2d) 417, 541 N.Y.S. (2d) 335, 539 N.E. (2d) 91 (1989) (owner may recover against consulting engineer); *Shoffner Indust., Inc. v. W.B. Lloyd Const. Co.*, 42 N.C. App. 259, 257 S.E. (2d) 50, *cert. denied*, 298 N.C. 296, 259 S.E. (2d) 301 (1979) (contractor may recover against architect); *Davidson & Jones, Inc. v. New Hanover County*, 41 N.C. App. 661, 255 S.E.

This Court addressed the "economic loss" rule in both *Beachwalk* and *Kennedy.* In *Kennedy,* we stated that "[t]he 'economic loss' rule will still apply where the duties are created solely by contract." *Id.* 299 S.C. at 347, 384 S.E. (2d) at 787. We adhere to the *Kennedy* application of the "economic loss" rule.

We recognize some states use the "economic loss" rule to prohibit all recovery of purely economic damages in tort. *See, e.g., Blake v. Alley,* 233 Va. 81, 358 S.E. (2d) 724, 726 (1987) (no recovery in tort absent injury to property or person). The law in South Carolina, however, has long recognized tort actions when the damages are purely economic. *See, e.g., Mitchell v. Holler,* 811 S.C. 406, 429 S.E. (2d) 793 (1993) (legal malpractice); *Beachwalk Villas Condominium Ass'n v. Martin,* 305 S.C. 144, 406 S.E. (2d) 372 (1991) (architect liability); *Georganne Apparel v. Todd,* 303 S.C. 87, 399 S.E. (2d) 16 (Ct. App. 1990) (accountant malpractice dismissed for failure to prosecute.).

In our view, the *Kennedy* application of the "economic loss" rule maintains the dividing line between tort and contract while recognizing the realities of modern tort law. Purely "economic loss" may be recoverable under a variety tort theories.[2] The question, thus, is not whether the damages are physical or economic. Rather the question of whether the plaintiff may maintain an action in tort for purely economic loss turns on the determination of the source of the duty plaintiff claims the defendant owned. A breach of a duty which arises under the provisions of a contract between the parties must be redressed under contract, and a tort action

---

(2d) 580, *cert. denied,* 298 N.C. 295, 259 S.E. (2d) 911 (1979) (architect, in absence of privity of contract, may be sued by general contractor or subcontractor for economic loss foreseeably resulting from architect's breach of duty of due care in performance of contract with owner); *Forte Bros., Inc. v. National Amusement, Inc.,* 525 A. (2d) 1301 (R.I. 1987) (contractor may recover against architect); *Associated Architects & Engineers, Inc. v. Lubbock Glass & Mirror Co.,* 422 S.W. (2d) 942 (Tex. Civ. App. 1967) (subcontractor may recover against architect); *Vonasek v. Hirsch* (subcontractor, or contractor's surety).

 [2] *See, e.g., Constant v. Spartanburg Steel Prod.,* — S.C. —, 447 S.E. (2d) 194 (1994) (libel and defamation action); *Folkens v. Hunt,* 300 S.C. 251, 387 S.E. (2d) 265 (1990) (accountant malpractice action); *Bishop Logging Co. v. John Deere Indust. Equip. Co.,* — S.C. —, 455 S.E. (2d) 183 (Ct. App. 1995); *Mitchell v. Holler,* 311 S.C. 406, 429 S.E. (2d) 793 (1993) (legal malpractice).

will not lie. A breach of a duty arising independently of any contract duties between the parties, however, may support a tort action. *State Ports Auth. v. Booz-Allen,* 289 S.C. 378, 846 S.E. (2d) 324 (1986).

In most instances, a negligence action will not lie when the parties are in privity of contract. When, however, there is a special relationship between the alleged tort-feasor and the injured party not arising in contract, the breach of that duty of care will support a tort action. *South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc.,* 289 S.C. 873, 846 S.E. (2d) 324 (1986); *see also Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 159 Ill. (2d) 187, 201 Ill. Dec. 71, 686 N.E. (2d) 503 (1994) ("special relationship" creates duty of care outside terms of contract). These concepts are not new. *See Kennedy, supra; see also* note 1 and cases cited therein. Rather, we restate the traditional concepts in modern terms.

Applying these concepts to professional liability, we have long held lawyers and accountants liable in tort for malpractice. *See, e.g., Lloyd v. Walters,* 276 S.C. 223, 277 S.E. (2d) 888 (1981) (attorney liable for economic loss to corporate shareholder when attorney breached duty to corporation); *Georganne Apparel v. Todd,* 303 S.C. 87, 399 S.E. (2d) 16 (Ct. App. 1991) (accountant malpractice dismissed for failure to prosecute). In many cases, the lawyer or the accountant will be in privity of contract with the plaintiff. These professionals, however, owe a duty to the client and sometimes to third parties which arises separate and distinct from the contract for services. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 159 Ill. (2d) 137, 201 Ill. Dec. 71, 636 N.E. (2d) 503 (1994). We see no logical reason to insulate design professionals from liability when the relationship between the design professional and the plaintiff is such that the design professional owes a professional duty to the plaintiff arising separate and distinct from any contractual duties between the parties or with third parties. *See, e.g., Gilliland v. Elmwood Properties,* 301 S.C. 295, 391 S.E. (2d) 577 (1990) (tort action brought by owners against architect); *State Ports Autho. v. Booz-Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E. (2d) 324 (1986) (tort action maintainable by third party against professional when duty exists). Whether such a duty exists will de-

pend on the facts and circumstances of each case.

In the case *sub judice*, Engineer designed the project specifically for the County of Charleston. Engineer supervised the construction. Engineer had the right, among other rights, to inspect the construction and to halt construction. Under these facts, Engineer owed a duty to the contractor not to negligently design or negligently supervise the project. Accordingly, the trial judge erred in finding the doctrine of "economic loss" prohibited the plaintiff from maintaining a suit in tort for purely economic losses.

Next, Griffin contends the trial judge erred in dismissing Griffin's warranty claims based upon lack of privity between Griffin and Engineer. We agree.

In *Hill v. Polar Pantries*, 219 S.C. 263, 64 S.E. (2d) 885 (1951), we found one who undertook to design and oversee a construction project for another impliedly warranted the design and quality of construction despite the lack of privity between the parties. Likewise, in *Beachwalk Villas Condominium Association v. Martin*, 305 S.C. 144, 406 S.E. (2d) 372 (1991), we specifically recognized "[i]f a party furnishes plans and specifications for a contractor to follow in a construction job, he thereby impliedly warrants their sufficiency for the purpose in view." *Id.* at 146, 406 S.E. (2d) at 374. In both *Hill* and *Beachwalk*, we specifically rejected the lack of privity defense put forth by the project designer. We see no reason to resurrect the privity defense here in direct contradiction to *Hill* and *Beachwalk*. Accordingly, we reverse the trial judge's grant of summary judgment on Griffin's warranty action.

We affirm the remaining issues pursuant to Rule 220(b), SCACR and the following authority: *First State Savings & Loan v. Phelps*, 299 S.C. 441, 385 S.E. (2d) 821 (1989) (fraud requires the inclusion of all nine elements); *Bookhart v. Central Electric Power Co-op, Inc.*, 222 S.C. 289, 72 S.E. (2d) 576 (1952) (fraud must plead with particularity); *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 287 S.C. 190, 336 S.E. (2d) 472 (1985) (tortious interference with contractual relations requires procurement of breach of contract, among other elements); *Crandall Corp. v. Navistar Int'l Transp. Co.*, 302 S.C. 265, 395 S.E. (2d) 179 (1990) (elements of tortious interference with prospective contract).

For the foregoing reasons, the trial judge's dismissal of the malpractice[3] and breach of warranty actions is reversed, and these causes are remanded. The dismissal of Griffin's remaining causes of action is affirmed.

Affirmed in part, reversed in part and remanded.

CHANDLER, C.J., FINNEY and WALLER, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.

---

[3] Griffin used the term "breach of professional responsibility" for the malpractice action. We discern only a difference in nomenclature.