**MAINE RUBBER INTERNATIONAL,**
**Plaintiff**

v.

**ENVIRONMENTAL MANAGEMENT**
**GROUP, INC., Defendant**

**No. 02–226–P–H.**

United States District Court,
D. Maine.

July 1, 2003.

counsel should go to a music charity.

Kurt E. Olafsen, Portland, ME, for Maine Rubber International.

Daniel Rapaport, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Environmental Management Group Inc.

### MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND

DAVID M. COHEN, United States Magistrate Judge.

The plaintiff, Maine Rubber International, moves for leave to amend the complaint to add two individual defendants and to change the wording of paragraph 6 of the original complaint. Plaintiff's Motions to Amend Complaint and to Join Parties, etc. ("Motion") (Docket No. 10) at 1–2 & n. 1. I grant the motion.

The plaintiff seeks to add David Maglietta and Felicia Pfeffer, identified as employees of the corporate defendant "at all relevant times," *id.* at 1, as individual defendants with respect to Counts I and III of the complaint, which allege negligence and negligent misrepresentation. It represents that these counts against the corporate defendant "were based upon the vicarious liability of [the defendant] for the actions of" these individual employees, *id.* at 2, and contends that the motion is filed two weeks after the defendant filed a motion for partial summary judgment "that made clear the need to clarify the pleadings and to join" the individual defendants, *id.* at 3.

The defendant objects to the motion, arguing, *inter alia,* that the request to add the individual defendants is merely an attempt to avoid the effect of the economic loss rule, which is the basis for its motion for partial summary judgment, in which it seeks judgment on the negligence counts. Defendant's Objection to Plaintiff's Motion to Amend Complaint, etc. ("Objection") (Docket No. 13) at 3–4. Under Maine law, the economic loss rule

> marks the fundamental boundary between the law of contracts, which is designed to enforce expectations created by agreement, and the law of torts, which is designed to protect citizens and their property by imposing a duty of reasonable care on others. In order to preserve the bright line between contract and tort law, the rule prohibits the recovery of purely economic losses in tort actions. Economic loss has been defined as "damages for inadequate value, costs of repair and replacement of defective product, or consequent loss of profits—without claim of personal injury or damage to other property."

*Fireman's Fund Ins. Co. v. Childs,* 52 F.Supp.2d 139, 142 (D.Me.1999) (citations and some internal quotation marks omitted).

The question whether the doctrine applies to bar tort claims that services provided pursuant to a contract were performed negligently is unresolved in Maine law. *Id.* at 145–46.

■ A motion for leave to amend a complaint may be denied, notwithstanding the admonition of Fed.R.Civ.P. 15(a) that leave to amend "shall be freely given when justice so requires," if the proposed amendment would be futile. *Grant v. News Group Boston, Inc.,* 55 F.3d 1, 5 (1st Cir.1995).

> "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In reviewing for "futility," the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion.

*Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir.1996) (citations omitted).

The scheduling order in this case provided that the deadline for joinder of parties and amendment of the pleadings was April 16, 2003, Scheduling Order with Incorporated Rule 26(f) Order (Docket No. 4) at 1, five weeks before the instant motion was filed on May 22, 2003. The plaintiff's failure to comply with the deadline, while cause for concern, is not grounds for denying the motion on its face. In this case, it is clear that the plaintiff knew the identities of the proposed individual defendants and their respective roles in the matter at issue from the outset; the plaintiff only became interested in these individuals as possible defendants after the defendant filed its motion for partial summary judgment invoking the economic loss doctrine, raising the possibility that the named defendant might not be liable on the plaintiff's tort claims. The plaintiff filed its motion two weeks after this possibility became apparent, an acceptable delay under the circumstances. *See generally Allendale Mut. Ins. Co. v. Rutherford,* 178 F.R.D. 1, 2–3 (D.Me.1998).

The proposed amended complaint merely alleges that the proposed individual defendants are professionals; it does not specify their expertise or indicate whether or not they are licensed. Courts in other jurisdictions have varied in their treatment of the issue presented here. In *Hydro Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 17 (2d Cir.2000) (applying New York law), the court refused to bar a professional malpractice claim against a defendant engineer who was employed by a corporate defendant when the individual defendant invoked the economic loss rule. It held that the harm arising from the professional malpractice was distinct from that governed by the contract. *Id.* In *Springfield Hydroelectric Co. v. Copp,* 172 Vt. 311, 779 A.2d 67 (2001), the court held that the defendants, former employees of a corporation with which the plaintiff had contracted, could not be held liable on a claim that they negligently administered the agreement. The court, reviewing a grant of summary judgment, construed the economic loss rule to bar recovery from individual defendants on tort claims in the absence of a special relationship between the alleged tortfeasors and the plaintiff and found that no such relationship existed because, "[a]lthough appellees' work may have involved complex and specialized tasks, it is undisputed that appellees did not hold themselves out as providers of any licensed professional service." *Id.,* 779 A.2d at 72.

■ In *Moransais v. Heathman,* 744 So.2d 973 (Fla.1999), the court held that "the mere existence of ... a contract [for professional services] should not serve per se to bar an action for professional malpractice" and allowed a negligence claim to proceed against an engineer who was employed by a corporation that had contracted to inspect a house the purchase of which was under consideration by the plaintiff. *Id.* at 974–75, 983. In *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.,* 320 S.C. 49, 463 S.E.2d 85, 88–89 (1995), the court relied on an exception to the economic loss rule applicable where there is a special relationship between the alleged tortfeasor and the injured party to allow a claim against an engineer who supervised the construction that was the subject of the contract to proceed. The Illinois courts hold that the economic loss doctrine applies to the service industry only when the duty of the party performing the service is defined by the contract; if the duty at issue arises outside the contract, a tort claim may proceed. *Congregation of the Passion, Holy Cross Province*

*v. Touche Ross & Co.,* 159 Ill.2d 137, 201 Ill.Dec. 71, 636 N.E.2d 503, 514–15 (1994) (allowing tort claim against accountants, suggesting that claim would not lie against architect).

In *Business Men's Assurance Co. of Am. v. Graham,* 891 S.W.2d 438, 453 (Mo.App. 1994), the court held that an action in tort may proceed "if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement." It recognized a "common law duty to provide architectural services in a professional manner." *Id.* at 454. In contrast, in *Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n,* 54 Ohio St.3d 1, 560 N.E.2d 206, 208, 212 (1990), a general contractor sued an architect, and the court held that, "in the absence of privity of contract no cause of action exists in tort to recover economic damages against design professionals."

While the Supreme Judicial Court of Maine has not addressed this issue, a justice of the Superior Court has considered it in some detail. In *Pendleton Yacht Yard, Inc. v. Smith,* 2003 Me.Super. LEXIS 49 (Maine Superior Court, Waldo County, Docket No. CV–01–047) (Mar. 20, 2003), Justice Marden denied a motion for summary judgment on a negligence claim against a marine surveyor on the ground that recovery should be limited to a contract claim against his employer, the corporate defendant. *Id.* at *1–*2. Citing a decision of the bankruptcy court for the District of Maine and an unreported decision of this court, *id.* at *9–*10, Justice Marden held that summary judgment was inappropriate because there was a genuine issue as to whether any contract existed between the plaintiff and the individual defendant and because the individual defendant may have made negligent misrepresentations outside the scope of the contract between the plaintiff and the corporate defendant, *id.* at *12–*13.

■ Here, the proposed amended complaint alleges only that Maglietta and Pfeffer were professionals and, as such, owed a duty to the plaintiff. While it may well become evident at some later point that any such duties were within the scope of the contract, that neither Maglietta nor Pfeffer was licensed by the State of Maine or that for some other reason neither individual may reasonably be held to have a duty extending to the plaintiff that could have been breached under the circumstances of this case, at the present time the only issue before the court is whether it appears to a certainty that the plaintiff would not be able to recover under any set of facts compatible with the terms of the proposed amended complaint, read with every reasonable inference in the plaintiff's favor. On that issue, the plaintiff prevails, because I conclude that it is likely that the Maine Law Court would find that a claim for professional malpractice may exist independent of a contract under certain circumstances, as did all but one of the courts discussed above. At this time, it is not necessary to determine what those circumstances might be and whether they are present in this case.

The defendant does not address the plaintiff's requested amendment to the language of paragraph 6 of the original complaint. No reason to deny the request is apparent; it is granted.

For the foregoing reasons, the plaintiff's motion to leave to amend its complaint is **GRANTED.**